Appeal number 20-1790. I see Mr. Hillis, and do we have Mr. Graber? Mr. Hillis, if you could pause a moment. Ah, Mr. Graber's there. Okay. Mr. Hillis, go ahead. May it please the Court, Mr. Graber. My name is Daniel Hillis. I'm with the Federal Public Defender's Office. I represent Mr. Robl. He raises three issues on appeal. The first issue I don't intend to spend a lot of time on, but we take issue with the way that Dolan is being applied by district courts and prosecutors. Basically, they're using it as a license to hang, fire, and to postpone restitution determinations that are easily ascertainable at the time of sentence. Here, the government presented evidence in advance of sentencing, but because the amount was disputed, that is, the defendant didn't agree to pay the amount the government sought, the matter was now subject, in the view of the Court and the government, to postponement. And that just doesn't sit with the statute 36-64-D-5. It doesn't say that you can postpone a decision if it's disputed. It says the amount can't be ascertained. So we do have a problem with that. Mr. Hillis, I understand, and I know you don't want to dwell on it, I understand your point about there being a difference between not ascertainable and being disputed. But I'm troubled by the lack of objection to such a thing, to the delay in this case. It seems like a procedural trap to spring shut if the defendant doesn't object and stand on his rights to a contemporaneous decision on restitution. Your Honor, I would only take issue insofar as the statute requires affirmative action by the government or by the Probation Office to ask the District Court to make a determination that the amount is unascertainable. And so it's not on the defense to raise the objection. Rather, it is for the Probation Officer or for the prosecutor to inform the District Court that there is a reason to say that the amount is unascertainable. Why wouldn't it be on the defense to object to the postponing of the restitution hearing? I'd say that's out of keeping with the statutory language, Your Honor. And so if the District Court wants to be on firm footing, if the Probation Office, if the prosecutor have a basis to say the amount is unascertainable, that is a finding for the District Court to make and it should look to the statutory language and it's incumbent on the government or on the Probation Office to tell the District Court of that basis. At worst, it would arise under plain air review here for us, in which case I would point to the statute and say, look at what the language says. It doesn't say disputed, it said unascertainable. And so under that analysis, Alano would say the error was plain. There was an error, it was plain. It affects my client's substantial rights because now he's being made to pay restitution, which is a Fifth Amendment matter because there's a right to property and that this doesn't comport with a valid restitution hearing by way of 3664 D5 because there's no basis to postpone. The District Court should have had the proceeding and gone in the ordinary course. So that's as much as I'd like to say on it so that I can get to the other matters that the court would permit. So with that, the court, if it were to find against us on the first issue, I think that the second issue is strong under this court's jurisprudence under the Swanson case. The Swanson case, of course, is a case that says that a defendant is not entitled to amounts that they didn't lose. And so by way of an example, if there was a licensed security broker, financial analyst who claimed to have licenses and he didn't, and he made somebody a million dollars, then at the time of restitution, the person who was claiming restitution because of fraud wouldn't be able to claim a million dollar loss. The person lost nothing. It would be double dipping to award the person restitution. Here, the people Mr. Robo provided services for was for the express purpose of removing asbestos. He was not licensed to do so, but the asbestos was removed from their homes. They suffered no loss. Once the value was imparted to them, it needs to be subtracted from the total restitution amount under Swanson. And if we don't do that, then we have a situation where the victims of the fraud are now being compensated here for an amount that they didn't lose. That is inconsistent with the principles of restitution. We're now allowing a sort of double recovery. The person has no loss, but they're being paid money from my client, which seems not only to offend due process, but now it's going to link into the next point. And that is, we have cases that from the Seventh Circuit, like the Newman case, that characterize restitution as a civil matter, because it is not a penalty that's in addition to anything. It's rather just compensating for a loss that somebody incurred. Mr. Hill is before you get to the Newman issue, please. The your objection on the restitution order, is it that the court shouldn't have gone forward with the restitution hearing on the day? That it was a status instead and didn't give your client the opportunity to properly object that the amounts were not the actual amount of restitution? Or is it that the government didn't prove the amount? I'm trying to get a clear understanding of what the basis of your objection is for claiming error and reversal on restitution. Both, both your honor. So the government's burden to establish loss was not satisfied here because it did not show that the people who are claiming these amounts didn't get the value of those services. This is again why the complete accounting is an important thing under 3664A, and it continues to be disregarded by district courts far and wide, so far as I can tell. And why wouldn't it be sufficient? I agree with your premise that loss amount in restitution, the loss amount for guideline calculations and restitution in this instance are two separate issues. Why wouldn't the government's detailed submission with the affidavits with the checks? Why wouldn't that be sufficient from a preponderance of the evidence standpoint for the court to make the determinations that it did? Because the government made no effort to subtract out the value that was imparted to the victims and that was its responsibility under the case law. I think Swanson refers to that, Judge. Its argument was that the entire amount, that they didn't get any value. So wouldn't it have been the defendant's response or opportunity or burden to then come back and poke holes into that? The government is supposed to first subtract out that amount. The defense did object and say my client, Mr. Robo, provided services beyond asbestos removal. And so this effort to include every check by every victim and count it as loss is improper. And that goes beyond the problem about conflating the guideline loss amount with the restitution amount. But there was an objection. My client originally asked for $23,000 to be awarded in restitution. By the time the status hearing rolled around, he said it was zero. But the government was relying on the affidavits that it had where the victim said we didn't get anything. All he did was asbestos removal and we didn't get anything. So why wouldn't it shift at some point to your client to come forward either to challenge that in some way with evidence? Why wouldn't it have shifted at that point? Or I guess a better way to say that is why wouldn't that be sufficient for the court's preponderance determination? My client was already on record saying that this amount offered by the government contains additional work beyond asbestos that's not compensable because of the type of fraud that was alleged. Was there anything in the record to support that? Yes. What? Well, I mean, my client's lawyer made the objection, made the argument. That's the amount of evidence we have because the judge explicitly refused to allow any witnesses to be called and then converted the status hearing into a restitution determination. This is a bit of a mess. It shouldn't be done this way. But it wasn't because of what my client did that this all happened. Your Honor, if I can move very briefly to the final point, because it is an important one. As to the final point, there is a rule 43-83 violation here. And as much as the government wants to say it's not because of the Newman restitution is civil in this court, my client is on the outside looking in in every possible way here. So he doesn't have a right under rule 43-83 to be present or to have a hearing on this. He doesn't have an ability to claim this under habeas because he's not in custody and cannot therefore raise a habeas challenge. He also doesn't have any of the civil protections, the basic things of due process that are required by Matthews v. Eldridge. There's no hearing, no opportunity to be heard, no notice, etc. He can't call witnesses. These are all things that are absolutely going on here. And the government's response is basically too bad. You don't get to challenge anything because this is civil. The court has said so. But I point the court to all of the cases that we cited from the various appellate courts across the country, the 3rd, 5th, 8th, 9th, 11th D.C. circuit that have taken issue with Newman. And I would ask the court to strongly consider a rule 40-E determination on this issue. My client has no ability to otherwise challenge this. He has had no ability to date and will have no ability in the future because I said habeas won't be available. And under rule 4 of the appellate procedures, he's required to challenge this as a matter of his criminal appeal. And we've got cases from this court, Carrillo and Worden, saying that restitution is part of the criminal case. But my client can't do anything when we have the circumstances that are present here. With that, I yield the floor. Thanks. Thank you, Mr. Hillis. Mr. Graber for the government. Good morning, Your Honors. May it please the court. My name is Dan Graber. I represent the United States. I handle the case down below. Just taking defense counsel's positions in reverse order to the Newman issue, Your Honors, he had an opportunity. That was what the restitution hearing was for. Judge Conley held the TSC two days before the restitution hearing to find out what do you have. Ask point blank, what do you have? Because the government put together its submissions four months earlier with the proof, the checks, the check spreads, the testimony from witnesses saying that everything that they did, that Roble did, was through his corporation and it was obtained by fraud under false pretenses, that he was not a licensed professional. In fact, he had been enjoined and his license taken away and he couldn't do it. Mr. Graber, what about the argument for the calculation of the restitution amount? The fact that everything under the guideline calculation, that's different than the restitution here. Because certainly the fact that all the services provided by a non-licensed asbestos remover who claims he was licensed, doesn't matter what he does, all of that is considered fraud. Whereas restitution has to be the actual loss. And although they didn't get asbestos removed by a licensed asbestos remover, they did get some value here and the court failed to take that into consideration because the two concepts were conflated and they're separate. Respectfully, Your Honor, they were not conflated, they were not confused. Judge Conley found all the services were worthless. Under Allen and under Swanson, the judge followed the law. Under Allen, you're right. Under note 3F to the guidelines, if somebody falsely says they're a licensed professional, you cannot deduct for services provided under the guidelines. But Allen also said, Your Honor, that if the loss computation mirrors the restitution computation, then that kind of analysis can take place. That if the court finds all the services were worthless, then you don't do the deduction. And that's what Judge Conley found. He had that discussion with counsel during that TSC where he was saying, I find all the services are worthless. There's no reason to drag all these people in and cross-examine them if they were all obtained by fraud in the first place because these people thought they were hiring a licensed professional. Number one, number two. Is it your argument that it's the same assessment for actual loss under the guidelines and the restitution? No, no, no. I'm saying in the factual situation here, Judge Conley said, Look, the government pivoted away from its number and went with the defense number where the defense said, Look, we're just going to use the numbers of the checks made to the company because all the company does is asbestos abatement. It doesn't do anything else. That's all obtained by fraud because he shouldn't have been able to do that. He was enjoined from doing that. He couldn't do that. But Mr. Hillis' argument is that the company did do some additional things beyond the asbestos removal and that they got actual value for that. No evidence of that in the record, Your Honor. All the evidence I presented was to the opposite. I had nine people testify at the sentencing hearing going the opposite, talking about how I had employees testifying about how they were meth heads, not providing the proper services. The PSR included the defendant's admissions to law enforcement in his confession where he said, I knew I wasn't doing it right. I knew I wasn't following the proper procedures. I knew I was defrauding people. I knew I had false licenses that I was duping people with, false testing reports that I was duping people with. I knew what I was doing wrong. But, quote, what the hell else can I do, end quote, is what his response to law enforcement during his confession. That's the evidence in the record, Your Honor. And that's why Judge Conley found all the services were worthless. Number two, under Swanson, if you look at Swanson, it says, Mr. Swanson couldn't take advantage and prove up his value deduction claim because he didn't give the district court any evidence to parse out legitimate versus illegitimate services, and he didn't give an alternative restitution amount to the court. Same situation here. Mr. Romel, when we had the TSC, defense counsel never, when asked three times by the judge, what do you have, they never said, hey, judge, I got five people I'm going to put on in two days, and I got the defendant that's going to go on, and we're going to show you and parse out which are the legit checks and which are the illegitimate checks. Never said that. Moreover, during the sentencing at his allocution, the defendant said, I'm sorry for what I did. The services that I provided weren't correct. I'm sorry. I will pay everybody back. He never says in his allocution letter or in his oral allocution to the court, hey, I provided good services to these people, and they deserve nothing. And that pivots to this Newman point where the defense is trying to get out from underneath Newman by saying, hey, we understand Newman is a civil remedy, not a criminal one, because under criminal rule 34, rule 31 or 32 and 43 wouldn't apply. So we're going to call it. We're going to say it's not civil. It's criminal because there was some sort of unjust enrichment to the, to the, to the victims. That's simply not the case. There was no unjust enrichment. They received worthless services. They were hiring a professional who, who light was said he was licensed to do asbestos abatements. And he was not licensed. In fact, the state of Minnesota enjoined him from doing it because of fraud. So those people, every penny that those people paid was obtained under false pretenses. And he doesn't get to deduct any of that. And there was no unjust enrichment from that your honors, because those people, he shouldn't never been able to get those jobs and get those, that money from those people in the first place. If he had evidence that he had actually performed some legitimate work or that they had received some non abatement evidence to agree that that should have been subtracted. I know you're saying no evidence was given, but correct. That, that, that correct. It was on him, just like in Swanson on him to give the judge something. And that goes to the first point about judge Conley didn't do anything wrong by taking the off ramp under 36, 64. Yeah. 36, 64 D five doing the deferred restitution option. He had a contested sentencing. He had disputed loss amounts. He had a PSR saying, I've got two different versions. He's got the parties arguing two different versions. The victim incomes, victim impact statements. Don't come back yet. He does the right thing. He X, he tries to bend over backwards in fairness and say, I'm going to give this guy three months to come up with evidence, the kind of evidence judge that you're talking about and see. And he tells the parties at the end of the sentence. Find that stuff. See if you can come together and give me a stipulated amount. They had four months to do that judge. And they came up with nothing. And at the TSC judge Conley was asking, do you have affidavits? Do you have, and he pointed out the one person that would know all that is the defendant. And you didn't give me anything from that. And the defendant never did. And that this last point, and I guess, which is the first point council's making that we're somehow we're, we're abusing the dole and deferred restitution option and taking that off ramp. There there's the statute says. Our victim losses ascertainable or not. They weren't there. The district judge doesn't need to recant magic words to say that, to invoke and be able to use that. Off ramp. There is a difference between not ascertainable and undisputed or disputed. I I'd be troubled. If a district judge did this over an objection, frankly, given the way it's worded, but. And I'm not sure that there's a, there's a. There's no objection. Could I quickly ask you, Mr. Graber? Given the. There's certainly plenty of room for confusion in certain fraud cases between the guideline loss standards. And the statutory restitution standards. I understood paragraph six of the plea agreement here. To go some distance in, in bridging that gap. I'm just wondering whether you would be comfortable, for example, by saying. That were the defendant agree. The restitution would cover. All all. In essence, the entire course of relevant conduct, rather than worrying about. Just the, the offensive conviction, which in a multi-count. A plea to a multi count case can be pretty useful. Your honor there. I don't believe there is any confusion by paragraph six of that plea agreement. That's our standard paragraph that we do to do exactly what you're talking about. Allow us to have restitution, cover more than the count of conviction. Cover relevant conduct and say to the judge, we're going to try to agree on the number. And if we can't agree to the number, we're going to punt it to you. And that's what happened here. And he and his discretion said. Given what's given the contested sentencing situation that I have here, I'm going to take the off ramp. And see whether you two have more time to get the victim impact statements back, get more evidence. And see if you can come up with a better number for me. That's all my, that's all the time I have your honors. Thank you. All right. Thank you, Mr. Graber. I think we'd used up your, your time, but if you need a couple of minutes for rebuttal, you're welcome to it. Thank you. I appreciate that. I'll begin by. Responding to the government's claim that the services were worthless. They weren't, if it was $5,000 to remove asbestos. $5,000 to labor. And the asbestos removed from a person's house. And there's no additional cost of abatement or remediation by a licensed contractor of any type. I'm trying to think what I would. I'm trying to think what I would say if I were the, if I were trying to sell a house that were Mr. Roble had done the, the, the abatement. I'm trying to think how I would explain the, the asbestos work to a potential buyer. Easy judge. You would ask that you have a licensed contractor come in and abate this and then present that as loss evidence for purposes of restitution. Thanks. So that's not hard. And then as for evidence, my client would have testified at the hearing that was supposed to happen on April 2nd, but he'd got the run fold out. When the March 31st hearing was converted into a restitution hearing itself. So my client never had the opportunity to argue any of these things himself. And so that's an important thing. Did his lawyer tell the judge that he was going to be ready to testify about these things? I don't believe so judge, but this was supposed to be a status conference. My client's lawyer is pulled over in her car on the side of the road, dealing with what she thought was a status conference that then gets converted. So we've got a problem. Then it got about notice and opportunity to be heard when a status conference becomes in fact, the ultimate hearing on restitution. My client wasn't prepared. He wasn't present. He couldn't do anything. If he was there at the status conference, I'm sure he could have piped in and said, I have information. I would like to speak, which would have been as right under ordinary circumstances under rule 32 and a rule 43, but he's being denied those opportunities here. And that doesn't even accord with due process. So we have a problem with a lot of these things. We'd ask the court to strongly consider them and to vacate remand for a proper hearing. Thank you. Right. Thank you to both council for, and the case will be taken under advisement and the court will be in recess.